# EXHIBIT A

# IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI

| | |
|---|---|
| TRIBUS, LLC, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| MAJESTIC REALTY, LLC. ) | |
| ) | |
| Serve at: ) | Division _____ |
| Registered Agent, R. Scott Webber ) | |
| 100 Saint Paul St. Suite 200 ) | |
| Denver, CO 80206 ) | |

## PETITION FOR BREACH OF CONTRACT

Plaintiff, Tribus, LLC ("Plaintiff"), by and through its undersigned counsel, and for its petition for breach of contract ("Petition") against defendant, Majestic Realty, LLC. ("Defendant"), states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is, and at all times relevant has been, a Missouri limited liability company in good standing with a business address of 5640 B Telegraph Road, St. Louis, MO 63129. As such, Plaintiff has the capacity to bring this suit.

2. Defendant is, and at all times relevant has been, a foreign corporation with its principal place of business in the State of Colorado.

3. Plaintiff and Defendant entered into a Development and Licensing Agreement on or about October 29, 2018 ("Agreement") whereby Plaintiff was to provide Defendant with various intranet and extranet services including but not limited to the development of custom software including client relations software, and the hosting of Defendant's data.

1

4. Jurisdiction is proper in this Court as the subject matter of this action falls within the general jurisdiction of this Court. Further, both Plaintiff and Defendant consented to and submitted themselves to the jurisdiction of this Court via the Agreement.

5. Venue is proper in this Court because Plaintiff and Defendant agreed that St. Charles County, Missouri is the jurisdiction where they would litigate any disputes arising out of or relating to the Agreement.

## COUNT I - BREACH OF AGREEMENT

COMES NOW Plaintiff, by and through its undersigned counsel, and for Count I of its Petition against Defendant, states as follows:

6. Plaintiffs re-alleges and incorporates by reference the allegations of the foregoing paragraphs as though fully set forth herein.

7. On or about October 29, 2018, Plaintiff and Defendant entered into the Agreement whereby Plaintiff, in consideration for payment by Defendant, agreed to provide various intranet and extranet products and services to Defendant.

8. Per the Agreement, Defendant agreed to pay Plaintiff pursuant to the various payment schedules for the products and services that Plaintiff would be providing Defendant. Plaintiff and Defendant agreed on various project costs and the hourly rates Defendant would pay Plaintiff for certain development, design, and project management tasks. Defendant agreed to pay Plaintiff's invoices when Plaintiff sent those invoices.

9. Shortly after executing the Agreement in October of 2018, Plaintiff began its performance under the Agreement.

10. At all times, Plaintiff has fully performed all its obligations under the Agreement.

11. Notwithstanding this fact, Defendant has failed and refused to pay many of Plaintiff's invoices for the services Plaintiff has provided pursuant to the Agreement.

12. Specifically, despite making ten change orders to the Agreement during September of 2019 that required Plaintiff to spend more than 100 hours of development, design, and project management time, Defendant failed and refused to pay for this work.

13. Plaintiff, in a good faith effort to work with Defendant, continued to perform all of its obligations under the Agreement and continually sought Defendant's compliance with the terms of the Agreement, including but not limited to timely payment.

14. However, by September 1, 2019, Defendant stopped making payments under the terms of the Agreement despite Plaintiff's continued performance.

15. Plaintiff had fully performed all of its obligations under the Agreement and had satisfied any conditions precedent to Defendant's obligation to pay Plaintiff, but Defendant, without justification, stopped making payments to Plaintiff that conformed to the Agreement.

16. Plaintiff continued to perform its obligations under the Agreement, including but not limited to the provision of ongoing services such as hosting data for Defendant, despite Defendant's failure to pay under the terms of the contract.

17. As of the date of filing, Defendant owes Plaintiff over $250,000.00 in payments due under the terms of the Agreement.

18. Plaintiff has demanded that Defendant pay Plaintiff for all of the amounts due under the Agreement; however, Defendant has unjustifiably failed and refused, and continues to fail and refuse, to pay Plaintiff the amounts due and owing under the Agreement.

19. To date, Plaintiff continues to provide various services to Defendant, including hosting Defendant's data, and additional monies due and owing to Plaintiff continue to accrue under the terms of the Agreement.

20. Defendant materially breached the Agreement by failing to make payments under the Agreement to Plaintiff.

21. Defendant has no valid justification for its breach of the Agreement.

22. As a direct and proximate result of Defendant's breach of the Agreement, Plaintiff has sustained damages in excess of $25,000.00 in an amount to be proven at trial.

WHEREFORE, Plaintiff Tribus, LLC hereby prays for judgement against Majestic Realty, LLC for the amounts due under the Agreement in an amount in excess of $25,000.00 to be proven at trial, plus prejudgment interest at the statutory rate, its costs incurred herein, post-judgement interest at the statutory rate, and for such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
12444 Powerscourt Dr., Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax: (636) 333-1212

Attorney for Plaintiff