**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| TRIBUS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 4:20CV1643 HEA |
| | ) | |
| MAJESTIC REALTY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment as to Liability Only, [Doc. No. 10].  Defendant opposes the Motion.  For the reasons set forth below, the Motion is denied.

### Facts and Background[1]

Plaintiff's Petition, which was filed in the Circuit Court of St. Charles County, Missouri, alleges the following:

Plaintiff and Defendant entered into a Development and Licensing Agreement on October 29, 2018 ("Agreement") whereby Plaintiff was to provide Defendant with various intranet and extranet services including but not limited to the development of custom software including client relations software, and the hosting of

---

[1] This recitation of the facts is for the purposes of this motion only and in no way relieves the parties of the necessary proof thereof in later proceedings.

Defendant's data. Per the Agreement, Defendant agreed to pay Plaintiff pursuant to the various payment schedules for the products and services that Plaintiff would be providing Defendant.

Plaintiff and Defendant agreed on various project costs and the hourly rates Defendant would pay Plaintiff for certain development, design, and project management tasks. Defendant agreed to pay Plaintiff's invoices when Plaintiff sent those invoices.

In October of 2018, Plaintiff began its performance under the Agreement. Plaintiff alleges it has fully performed all its obligations under the Agreement. Plaintiff further alleges Defendant has failed and refused to pay many of Plaintiff's invoices for the services Plaintiff has provided pursuant to the Agreement. Specifically, despite making ten change orders to the Agreement during September of 2019 that required Plaintiff to spend more than 100 hours of development, design, and project management time, Defendant failed and refused to pay for this work.

Plaintiff, in a good faith effort to work with Defendant, continued to perform all of its obligations under the Agreement and continually sought Defendant's compliance with the terms of the Agreement, including but not limited to timely payment.

By September 1, 2019, Defendant stopped making payments under the terms of the Agreement despite Plaintiff's continued performance.

Plaintiff claims it had fully performed all of its obligations under the Agreement and had satisfied any conditions precedent to Defendant's obligation to pay Plaintiff, but Defendant, without justification, stopped making payments to Plaintiff that conformed to the Agreement. Plaintiff continued to perform its obligations under the Agreement, including the provision of ongoing services such as hosting data for Defendant, despite Defendant's failure to pay under the terms of the contract.

## Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine [dispute] as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of

setting forth affirmative evidence and specific facts by affidavit and other evidence

showing that there is a genuine dispute of a material fact. *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex,*

477 U.S. at 324, 106 S.Ct. 2548. "A dispute about a material fact is 'genuine' only

'if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.'" *Herring v. Canada Life Assur. Co.,* 207 F.3d 1026, 1030 (8th

Cir. 2000) (quoting *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505). A party resisting

summary judgment has the burden to designate the specific facts that create a

triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114

(8th Cir. 2004).

In ruling on a motion for summary judgment, the court must review the facts

in a light most favorable to the party opposing the motion and give that party the

benefit of any inferences that logically can be drawn from those facts. *Matsushita,*

475 U.S. at 587; *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir.

2005). The Court may not "weigh the evidence in the summary judgment record,

decide credibility questions, or determine the truth of any factual issue."

*Kampouris v. St. Louis Symphony Soc.,* 210 F.3d 845, 847 (8th Cir. 2000).

## Discussion

Plaintiff seeks partial summary judgment on liability arguing Defendant

breached the Agreement by failing to provide notice of a breach with an

opportunity to cure any alleged breach under Section 8(a) of the Development and

Licensing Agreement.  Defendant argues it was not required to provide the

specified notice and cure because Plaintiff failed to comply with the specifications

and timeline set forth in the Agreement, therefore, it was free to terminate upon

notice as provided in Section 1 F of the Service Level Agreement.

Section 8(a) of the Development and Licensing Agreement provides,

8. Term and Termination. The term of this Agreement shall commence on
the Effective Date and, unless earlier terminated, shall continue through the
third anniversary of the date when the System is deployed and accepted in
writing by CLIENT, as set forth in Exhibit D (the "Initial Term"). After the
Initial Term, the Agreement shall renew automatically for two (2) year terms
(each, a "Renewal Term"). Either Party may provide the other with written
notice of nonrenewal at least ninety (90) days prior to the end of the Initial
Term or any Renewal Term. This Agreement may be terminated as follows:

(a) Termination for Cause. If either Party breaches a material
obligation under this Agreement and
fails to cure such breach within sixty (60) days after receipt of written
Notice from the other Party identifying
such breach, then the non-breaching Party may terminate this
Agreement by providing the breaching Party with
prior written notice of termination. In addition, CLIENT shall have
the right to terminate this Agreement
immediately upon written notice to Tribus as set forth in Section 1 F
of Exhibit A hereto.

Section 1 F of the Service Level Agreement provides,

f. In the event that during any three successive calendar months Tribus fails
to meet all of the availability and performance requirements set forth in
clauses A through D above. [sic] such failure shall give CLIENT the right to
terminate this Agreement thereafter immediately upon written notice to
Tribus with no opportunity for Tribus to cure.

[5]

The parties agree with regard to the elements of a breach of contract:

> "The essential elements of a breach of contract action include: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Martha's Hands, LLC v. Rothman*, 328 S.W.3d 474, 479 (Mo. App. E.D. 2010).

*Fuller v. Partee*, 540 S.W.3d 864, 871 (Mo. Ct. App. 2018). The dispute arises with regard to who breached the Agreement and what type of breach occurred. Plaintiff claims if Defendant believed it was not performing under the Agreement, it was entitled to an opportunity to cure the defective performance.  Defendant argues it did not have to provide an opportunity to cure because Plaintiff failed for three months to meet all of the availability and performance requirements.  These disputes cannot be resolved on the record before the Court.  Clearly, genuine disputes as to the material facts exist such that summary judgment on liability is not proper.

## Conclusion

Under the applicable standard applied in motions for summary judgment, Plaintiff is not entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary

[6]

Judgment, [Doc. No. 10], is **DENIED.**

Dated this 2nd day of September 2021.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE